IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CR-82-F
4:13-CV-28-F

| | |
|---|---|
| CURTIS LAVON BRANCH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **MEMORANDUM AND RECOMMENDATION** |

This matter is before the court for consideration of Petitioner's 28 U.S.C. § 2255 motion to vacate, initially filed on February 4, 2013, and as amended March 14, 2013. The government has moved to dismiss the motion for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), and Petitioner has responded. This matter is referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. For the reasons stated herein, it is recommended that Petitioner's motion be denied and the government's motion be granted.

## STATEMENT OF THE CASE

On October 3, 2011, Petitioner pleaded guilty, pursuant to a plea agreement, to one count of possession with intent to distribute a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1) and one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Pursuant to the plea agreement, a third count charging Petitioner with possession with intent to distribute a quantity of cocaine was dismissed at sentencing. On March 1, 2012, the court

sentenced Petitioner to a 240-month term of imprisonment. Petitioner appealed, and the Fourth Circuit affirmed in part and dismissed in part. Petitioner now moves to vacate his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Petitioner argues that he had ineffective assistance of counsel at both the trial and appellate levels of his case. His contention stems from the argument that the court committed a violation of Rule 11 by incorrectly advising Petitioner of the statutory minimum and maximum amount of time to which he could be sentenced. Petitioner maintains that his attorneys were ineffective in that they failed to challenge his guilty plea.

To establish ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The reasonableness of counsel's performance must be judged according to the specific facts of the case at the time of counsel's conduct. *Id.* at 690. Additionally, a petitioner must show he was prejudiced by his attorney's ineffectiveness. *Id.* at 694. In the context of a plea, a petitioner "must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The defendant bears the burden of demonstrating that counsel's assistance was neither reasonable nor the product of sound strategy. *Strickland*, 466 U.S. at 689.

In reviewing ineffective assistance claims, courts must make "every effort . . . to eliminate the distorting effects of hindsight," *id.* at 689, and to evaluate an attorney's performance "from counsel's perspective at the time of the alleged error and in light of all the circumstances," *United States v. Roane*, 378 F.3d 382, 410 (4th Cir. 2004) (citing *Kimmelman v.*

2

Case 4:11-cr-00082-F   Document 53   Filed 10/31/14   Page 2 of 4

*Morrison*, 477 U.S. 365, 381 (1986)). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland*, 466 U.S. at 689.

Petitioner contends that his presentence investigation report attributes a drug quantity to him that exposes him to a higher statutory minimum and maximum sentence than that of which he was advised during his Rule 11 hearing. Thus, Petitioner argues that his counsel was ineffective for not objecting at sentencing to the Rule 11 violation and by not moving to withdraw Petitioner's plea agreement. Petitioner maintains that he was advised that he would serve no more than twenty years, but that the drug weight included in the presentence investigation report exposed him to a sentence with a statutory minimum of ten years and a statutory maximum of life under 21 U.S.C. § 841(b)(1)(A). However, Petitioner was never exposed to a higher statutory minimum or maximum. He was correctly advised of his statutory maximum of twenty years under 21 U.S.C. § 841(b)(1)(C) at his Rule 11 hearing, and he was sentenced to his statutory maximum. Furthermore, on Petitioner's appeal of his sentence, the Fourth Circuit determined that there were no Rule 11 violations at the district court level. *United States v. Branch*, No. 12-4185, at *4 (4th Cir. Oct. 23, 2012). There being no Rule 11 violation in advising Petitioner as to the time he faced, Petitioner's attorney did not act unreasonably in failing to object or move to withdraw Petitioner's guilty plea.

To the extent Petitioner is asking the court to determine whether a Rule 11 violation occurred, this request should also be denied. Issues fully considered on direct appeal from conviction may not be recast under the guise of a collateral attack by a motion to vacate or correct sentence. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976); *see also Withrow v. Willaims*, 507 U.S. 680, 721 (1993) ("[A]bsent countervailing considerations, district

3

Case 4:11-cr-00082-F   Document 53   Filed 10/31/14   Page 3 of 4

courts may refuse to reach the merits of a constitutional claim previously raised and rejected on direct appeal."). The Fourth Circuit directly addressed whether there was a Rule 11 violation. Thus, Petitioner's request for this court to address such issues should be denied.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the government's motion to dismiss be GRANTED and Petitioner's motion to vacate be DENIED.

The Clerk shall send a copy of this Memorandum and Recommendation to the parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 30th day of October 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge