IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-00082-F-1
No. 4:13-CV-00028-F

| | |
|---|---|
| CURTIS LAVON BRANCH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | ORDER |

This matter is before the court on Objections [DE-54] to the Memorandum and Recommendation [DE-53] of United States Magistrate Judge Kimberly A. Swank regarding the Government's Motion to Dismiss [DE-48] Curtis Lavon Branch's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-42, DE-45].[1] For the reasons set forth below, the court ADOPTS the recommendation of the Magistrate Judge [DE-53] and ALLOWS the Government's Motion to Dismiss [DE-48].

**FACTUAL AND PROCEDURAL BACKGROUND**

On July 26, 2011, Branch was charged in a three-count indictment. *See* Indictment [DE-1]. Counts One and Two charged Branch with possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1). Count Three charged Branch with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. At his October 3, 2011

---

[1] Branch's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-42], which was filed on February 4, 2013. At the court's direction, Branch filed a "conforming" motion [DE-45] on March 4, 2013.

arraignment, Branch pled guilty to Counts One and Three pursuant to a written plea agreement [DE-19]. Count Two was dropped.

The United States Probation Office prepared a presentence investigation report ("PSR") that found Branch to be accountable for 792.03 grams of marijuana, 68.35 kilograms of cocaine, and 6,207.92 grams of crack cocaine. PSR ¶ 45. The court subsequently sentenced Branch to 240 months' imprisonment on Count One and 120 months' imprisonment on Count Three. *See* Judgment [DE-27] at 2. The court ordered that the terms imposed be served concurrently.

On March 7, 2012, Branch filed a Notice of Appeal [DE-25].[2] In an unpublished opinion [DE-39], the Fourth Circuit Court of Appeals affirmed. Branch did not file a petition for certiorari to the United States Supreme Court.

Branch filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-42] on February 4, 2013. In his section 2255 motion, Branch alleges that his attorney provided him with ineffective assistance of counsel by failing to challenge his guilty plea based on this court's alleged violations of the Rule 11 of the Federal Rules of Criminal Procedure. *See id.* at 7. Specifically, Branch argues that his guilty plea was deficient in the following respects: (1) he was not informed that drug quantities of 68.35 kilograms of cocaine powder and 6.207 kilograms of crack cocaine were elements of his drug offenses that the government must prove beyond a reasonable doubt; (2) his plea colloquy violated Rule 11(f) by failing to establish that 68.35 kilograms of cocaine powder and 6.207 kilograms of crack cocaine were part of the factual basis for his guilty plea; and (3) he was not informed of the statutory minimum and maximum sentences. *See id.* at 8, 11, 13, 15.

---

[2] Branch raised the following issue before the Fourth Circuit: The District Court imposed a procedurally unreasonable sentence by basing the drug quantity calculations upon the uncorroborated hearsay of an unidentified informant. *See* Petitioner's Opposition to the Magistrate Judge's Recommendation [DE-52] at 2.

2

The Government filed a Motion to Dismiss [DE-48] and argues that dismissal is warranted under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

On October 31, 2014, the Magistrate Judge issued a Memorandum and Recommendation ("M&R") [DE-53] addressing Branch's § 2255 motion. The Magistrate Judge concluded that Branch was correctly advised of and sentenced to his statutory maximum pursuant to 21 U.S.C. § 841(b)(1)(C). The Magistrate Judge also noted that the Fourth Circuit, on direct appeal, determined that no Rule 11 violations had occurred. Finally, the Magistrate Judge concluded that because there were no Rule 11 violations in advising Branch as to the time he faced, his attorney did not act unreasonably by failing to object or move to withdraw his guilty plea. The Magistrate Judge recommended that Branch's section 2255 motion [DE-42, -45] be denied and that the Government's Motion to Dismiss [DE-48] be allowed. *See* M&R [DE-53] at 4.

Branch filed Objections [DE-54] to the M&R on November 13, 2014. In his Objections, Branch first argues that the Magistrate Judge erred in finding that the Fourth Circuit fully considered and rejected his Rule 11 violation claim on appeal. Branch then argues that the Magistrate Judge's conclusion that no Rule 11 violation occurred is based on a misconstruction of the claim in his section 2255 motion.

## LEGAL STANDARD

### Rule 12(b)(6) Motion to Dismiss

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court "assume[s] the truth of all facts alleged in the complaint and the existence of any fact that

3

can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555. Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## DISCUSSION

**1.  Branch has failed to sufficiently allege ineffective assistance of counsel.**

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that counsel's inadequate performance prejudiced him. *Id.* at 687. Therefore, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence

4

in the outcome." *Id.* With the *Strickland* standard in mind, the court will address each of Branch's ineffective assistance of counsel claims.

### a. Branch's First Claim

In his first claim, Branch alleges that his attorney erred by failing to challenge his guilty plea on the basis that the plea was not knowing, intelligent or voluntary because Branch was not informed that the drug quantities of 68.35 kilograms of powder cocaine and 6.207 kilograms of crack cocaine were elements of his drug offenses that the government had to prove beyond a reasonable doubt. *See* Memorandum in Support of Motion Pursuant to 28 U.S.C. § 2255 [DE-42-1] at 7-9. Branch contends that the quantities of powder cocaine and crack cocaine for which he was held responsible were critical elements of his drug offenses because they subjected him to a higher mandatory minimum and maximum sentence. *Id.* at 9

Branch's first claim appears to be based on an improper reading of the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court concluded that the trial court erred when it imposed a seven-year mandatory sentence on a section 924(c) conviction based on the jury not finding that the firearm had been brandished. *Id.* at 2156-59. The Supreme Court held that any fact, other than a prior conviction, that increases the statutory minimum punishment is an element of the offense that must be submitted to the jury and found beyond a reasonable doubt. *Id.* at 2162-63. However, the Court also specifically held that this ruling did not mean that "any fact that influences judicial discretion must be found by a jury." *Id.* at 2163. The Court further explained that "[w]e have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." *Id.*

5

At sentencing, the court held Branch responsible for 792.03 grams of marijuana, 68.35 kilograms of cocaine, and 6,207.92 grams of crack cocaine. PSR ¶ 45. Branch is not entitled to relief because *Alleyne* has no impact on the court's ability to apply the advisory sentencing guidelines—that ability includes making findings of fact concerning drug weight that do not impact a statutory minimum or maximum. *See United States v. Benn*, 572 F. App'x 167, 179-80 (4th Cir. 2014) (collecting cases). Furthermore, as described in greater detail below, Branch was never subject to a higher minimum or maximum sentence as a result of the drug weights.

Any objection to the guilty plea based on Branch's attorney not advising him that the court would find Branch responsible for 68.35 kilograms of cocaine and 6,207.92 grams of crack cocaine would have been meritless. *See Moore v. United States*, 934 F. Supp. 724, 731 (E.D.Va. 1996) (holding that failure to raise a meritless argument can never amount to ineffective assistance). Accordingly, Branch has failed to state a claim under *Strickland*, and his first claim must fail.

### b. Branch's Second Claim

Branch alleges in his second claim that his attorney erred by failing to challenge his guilty plea on the basis that it was not knowing, intelligent, or voluntary because his plea colloquy violated Rule 11(f) by failing to establish the quantities of 68.35 kilograms of powder cocaine and 6.207 kilograms of crack cocaine were part of the factual basis for Branch's guilty plea as to Count One. *See* Mem. Supp. Mot. 28 U.S.C. § 2255 [DE-42-1] at 11-12. Branch argues that, while he admitted to possession with intent to distribute *an unquantified amount* of cocaine, nothing in the factual basis presented at his Rule 11 hearing refers to possession with intent to distribute the specific amounts of 68.35 kilograms of powder cocaine and 6.207 kilograms of crack cocaine. *Id.* at 11.

6

Before a district court may accept a guilty plea, the court "must inform the defendant of, and determine that he understands, the nature of the charge(s) to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty and various rights." *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). "[T]he Rule ensures that the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." *DeFusco*, 949 F.2d at 120. *Colloquy* is one method with which the court may determine whether a factual basis exists for the plea. *See id.*

In this case, the court informed Branch that he was charged with two counts of "possession with intent to distribute a quantity of cocaine hydrochloride, that is, cocaine powder. The penalty for each such offense is not more than 20 years imprisonment." *See* Transcript [DE-34] at 17:23-18:2. The court then conducted a lengthy inquiry that included the following:

| | |
|---|---|
| The Court: | Are you sure that you – do you understand the possible consequences of your plea? |
| Defendant: | Yes, sir. |
| The Court: | Are you sure that you want to enter a plea of guilty? |
| Defendant: | Yes, sir. |
| The Court: | Have you discussed with your attorney the charge in the indictment to which you intend to plead guilty? |
| Defendant: | Yes, sir. |
| The Court: | Do you understand that charge? |
| Defendant: | Yes, sir. |
| The Court: | In order for you to be found guilty of count one[,] the government would be required to prove that on or about April 9th, 2010, you knowingly and |

7

>       intentionally and unlawfully possessed with intent to distribute *a quantity
>       of* cocaine hydrochloride, that is, cocaine powder, and that cocaine
>       hydrochloride is a Schedule II narcotic controlled substance.
>       . . .
>
> Defendant:   Yes, sir.

*Id.* at 20:2-20 (emphasis added). The court later continued:

> The Court:   Did you[,] as charged in count one[,] on or about April 9th in 2010,
>              knowingly and intentionally and unlawfully possess with intent to
>              distribute a quantity of cocaine hydrochloride, that is, cocaine powder,
>              knowing that the hydrochloride is a Schedule II controlled substance?
>
> Defendant:   Yes, sir.
>
>              . . .
>
> The Court:   Then you are, in fact, guilty of both counts; aren't you?
>
> Defendant:   Yes, sir.

*Id.* at 29:12-30:1. The record makes clear that Branch was charged with and informed of the penalties of possession with intent to distribute *a quantity of* cocaine, and Branch's testimony during the colloquy provided a sufficient factual basis for the plea.

Branch's argument that his guilty plea colloquy failed to establish the quantities of 68.35 kilograms of powder cocaine and 6.207 kilograms of crack cocaine misses the mark. Those quantities were never an element of the charges against him. Instead, as explained in the previous section, those amounts were part of the relevant conduct used by the court to determine his sentence. During the colloquy, the court informed Branch that twenty years was the maximum sentence for a charge of possession with intent to distribute *a quantity of* cocaine. The record reflects this. Branch was sentenced within the statutory range for that charge.

Because Branch has failed to show there was a Rule 11(f) violation that warranted a challenge from his attorney, he has not sufficiently alleged ineffective assistance of counsel. *See*

8

*Moore*, 934 F. Supp. at 731 (E.D.Va. 1996) (holding that "[f]ailure to raise a meritless argument can never amount to ineffective assistance"). Accordingly, Branch's second claim must fail.

### c. Branch's Third Claim

In his third claim, Branch alleges that his attorney erred by failing to challenge his guilty plea on the basis that it was not knowing, intelligent or voluntary because he was misinformed as to the statutory minimum and maximum sentences for the drug charges. *See* Mem. Supp. Mot. 28 U.S.C. § 2255 [DE-42-1] at 13-14. Specifically, Branch argues that, as in *United States v. Santo*, 225 F.3d 92 (1st Cir. 2000), the PSR found him accountable for drug amounts that exposed him to statutory minimum and maximum penalties in excess of what he was told at his Rule 11 proceeding. *See* Mem. Supp. Mot. 28 U.S.C. § 2255 [DE-42-1] at 14. He asserts that, as a result of the PSR, he was exposed to a sentence of "10 years up to life in prison." *Id.* at 14; *see also* 21 U.S.C. § 841(b)(1)(A).

A review of the record reveals that during his Rule 11 proceeding, the court advised Branch that "[t]he penalty for [possession with intent to distribute a quantity of cocaine] is not more than 20 years imprisonment." Transcript [DE-34] at 18:1-2. At sentencing, the court again announced that the "custody range in count one [possession with intent to distribute] is 240 months." *See* Transcript [DE-35] at 49:3. At no point was defendant exposed to or convicted of a sentence in excess of twenty years, which is the maximum sentence for possession with intent to distribute *a quantity of* cocaine and the same sentence of which the court informed Branch at his Rule 11 hearing.

The court agrees with the Magistrate Judge's conclusion that there was no Rule 11 violation in advising Branch as to a maximum sentence. Because there was no error, any objection by Branch's attorney would have been meritless. *See Moore*, 934 F. Supp. at 731

9

(E.D.Va. 1996) (holding that "[f]ailure to raise a meritless argument can never amount to ineffective assistance"). Consequently, Branch's third claim must fail.

## CONCLUSION

For the foregoing reasons, the court ADOPTS the recommendation of the Magistrate Judge as its own, and, for the reasons stated therein as well as the above-stated reasons, the Government's Motion to Dismiss [DE-48] is ALLOWED and Branch's section 2255 motion [DE-42, DE-45] is DISMISSED. The court concludes that Branch has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This, the 2٩ day of December, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge